**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH ALLEN,**

        **Plaintiff,**　　　　　　　　　　　**(5:07-CV-1132)**
　　　　　　　　　　　　　　　　　　　　　　　　　**(NAM/GJD)**
**v.**

**UNITED STATES,**

        **Defendant.**

_____

**ORDER**

In a letter dated August 1, 2006, the government moved to "Transfer Property In Partial Satisfaction of Restitution." *See* 5:02-CR-219, Dkt. no. 153. Specifically, the government sought an order requiring the United States Secret Service to transfer two Rolex watches to the United States Attorney's Office for liquidation in partial satisfaction of the order of restitution imposed against defendant in the above entitled criminal action. *Id*. The Court granted this request. *Id*. Dkt. no. 155. Subsequently, Joseph Allen, plaintiff,[1] submitted a letter to the Court: objecting to the government's request; seeking a stay of the order directing the transfer and liquidation of the Rolex watches on the basis that the watches, as personal effects, are exempt from liquidation pursuant to 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(2); and requesting that the government return the watches to him. *Id*. Dkt. no. 157. The government agreed to the entry of a stay and the Court received submissions from both parties regarding the transfer and

---

[1] Allen's initial submission in this matter is captioned United States of America v. Joseph Allen, and bears criminal docket numbers 02-CR-219 and 04-CR-564. Allen is advised that all further submissions in this case should bear the caption Joseph Allen, Plaintiff v. United States of America, Defendant, and should contain only the civil docket number 5:07-cv-1132.

liquidation of the Rolex watches.

Since the ultimate relief Allen seeks is the return of his property, the Court construes his submissions as a motion for the return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. *See Polanco v. United States Drug Enforcement Admin.*, 158 F.3d 647 (2d Cir. 1998); *Rufu v. United States*, 20 F.3d 63 (2d Cir. 1994) (holding that if a motion for return of seized property is "made after the termination of criminal proceedings against the defendant . . . such a motion should be treated as a civil complaint for equitable relief."). Such an action is subject to the six-year statute of limitations set forth in 28 U.S.C. § 2401(a). *See Polanco*, 158 F.3d at 653. Further, "sovereign immunity is waived by the Administrative Procedure Act." *Id*. at 652 (citing 5 U.S.C. § 702).

Allen has not, however, paid the required filing fee of $350.00 or submitted an *in forma pauperis* application. Should Allen decide to submit an *in forma pauperis* application, he is advised that the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b) provides that an inmate who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions. Additionally, in accordance with the Local Rules of Practice of the Northern District of New York, all such inmates are required to execute a signed, fully completed and properly certified *in forma pauperis* application as well as the authorization form issued by the Clerk's Office. *See* L.R. 5.4(b). For this action to proceed, Allen must either pay the full filing fee of $350.00 or submit an *in forma pauperis* application and authorization form.

If Allen fails to either prepay the $350.00 filing fee in full, or fully comply with 28 U.S.C. § 1915 and the terms of this District's Local Rules of Practice as outlined above, within thirty (30)

days from the date of the filing of this Order, this action will be dismissed without further Order of this Court.

As a final matter, Allen requests that the Court direct Kenneth Moynihan, Esq., who was appointed as his defense counsel, to represent him in this matter as well since it was agreed at sentencing that the parties would argue the liquidation of defendant's assets, including the Rolex watches, until after the appeal regarding the legality of the government's initial seizure of the assets, was decided.  The Court finds no basis under the provisions of the Criminal Justice Act, *see* 18 U.S.C. § 3006A,  for providing Allen with counsel in connection with his application for the return of his property.  Section 3006A(c) provides: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate or the court through appeal, including ancillary matters appropriate to the proceedings."  The Second Circuit has ruled that "'ancillary matters  refers to those involved in defending the principal criminal charge and not to post-conviction proceedings.'"  *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995) (quoting *Miranda v. United States*, 455 F.2d 402, 404-05 (2d Cir. 1972)).

Here, the Second Circuit affirmed the judgment entered in this case, including the Court's denial of Allen's motion to suppress in connection with the evidence law enforcement seized during a search of his residence.  Thus, none of the issues presently before the Court involve the defense of the original criminal charges against him as they have been resolved.  Allen, however, may still move for appointment of counsel under 28 U.S.C. § 1915(d), which allows the Court to provide counsel for civil litigants who are unable to employ an attorney.  *See e.g. Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (regarding the appointment of counsel for indigent

3

litigants "the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.").

Accordingly, it is hereby

**ORDERED**, that Allen either pay the $350.00 filing fee in full, or provide the Clerk with a signed inmate authorization form and *in forma pauperis* application, within thirty (30) days from the date of the filing of this Order, and it is further

**ORDERED**, that if Allen fails to either pay the $350.00 filing fee in full, or provide the Clerk with a signed authorization form and *in forma pauperis* application within the time period specified above, **the Clerk shall enter judgment dismissing Allen's motion for the return of his property** without further Order of this Court, and it is further

**ORDERED** that Allen's request that the Court appoint Kenneth M. Moynihan, Esq. as counsel is **DENIED** without prejudice to a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d); and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Allen by regular mail, along with a blank inmate authorization form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**

Date:  October 24, 2007

_____
Norman A. Mordue
Chief United States District Court Judge

4